UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EMPLOYERS INSURANCE OF WAUSAU, <br><br>Plaintiff, <br><br>v. <br><br>McGRAW-EDISON CO., *et al.* <br><br>Defendants <br>and <br><br>McGRAW-EDISON CO., <br><br>Counterplaintiff <br>and <br>Crossplaintiff, <br><br>v. <br><br>EMPLOYERS INSURANCE OF WAUSAU, *et al.* <br><br>Defendants. | No. C.A. No. K86-48 <br><br>Hon. Robert J. Jonker <br>(pursuant to Administrative Order 09-019) |

### RESPONSE OF COUNSEL TO COURT ORDER OF DECEMBER 4, 2014

I apologize to the Court and to the parties. I should have raised at the conference with this Court on December 2 the anticipated filing of the motion in the New Jersey state court action (the "motion"). I hope that the Court will accept my apology for this lapse.

Responding directly to the Court's questions, the decision to file the motion was made weeks ago in response to the efforts of defendants to avoid resolving issues in the New Jersey case by filing actions in other jurisdictions. Before filing the motion to enforce in this Court, the defendants had filed actions in Texas and Illinois seeking to address issues within the purview of the New Jersey case. These efforts of the defendants are described in more detail in the motion and have resulted in increased transaction costs associated with the New Jersey coverage dispute.

The timing of the filing of the motion was unrelated to the timing of the conference with this Court or anything that was said or occurred during that conference. The time of the filing instead related to the schedule for presenting motions to the New Jersey court. As I prepared for the December 2 conference, the preparation of and near-term anticipated filing of the New Jersey motion completely slipped my mind. Nonetheless, the failure to communicate with the Court on the point was my fault, and I take full responsibility. It will not happen again.

I have arranged for the New Jersey motion to be withdrawn, per the letter to the New Jersey Court attached to this filing. *See* Exhibit A.

As directed by the Court, Cooper has retained local counsel in this matter, Robert VanderLaan, who has entered his appearance on the record.

Dated: December 8, 2014         Respectfully submitted,

/s/
Michael H. Ginsberg
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania 15219-2514
Telephone – 412.391.3939
Facsimile – 412.394.7959
*Attorney for Plaintiff Cooper Industries, LLC as successor-by-merger to McGraw-Edison Company*

VANDERLAAN AND ASSOCIATES, P.L.C.

/s/
Robert D. VanderLaan (P27606)
Local Counsel for Cooper Industries, LLC
As Successor-By-Merger to McGraw Edison Company

Business Address and Telephone:
38 Commerce Avenue, SW - Suite 450
Grand Rapids, MI 49503
Telephone - 616-454-0900
Fax - 616-454-0986

# Exhibit A

# Lowenstein Sandler LLP

Catherine M. Aiello
Associate

65 Livingston Avenue
Roseland, NJ 07068
T 973-597-2362
F 973-597-2363
caiello@lowenstein.com

December 5, 2014

**VIA FAX: 973-424-2479**

Honorable Sebastian Lombardi, J.S.C.
Essex County Superior Court
Historic Courthouse, Room 109
470 Dr. Martin Luther King, Jr. Blvd.
Newark, New Jersey 07102

Re: Cooper Industries, LLC v. Employers Insurance of Wausau, et al.
Docket No. ESX-L-9284-11

Dear Judge Lombardi:

This firm serves as local counsel for Plaintiff Cooper Industries, LLC ("Cooper Industries") in connection with the above-captioned matter.

Please accept this letter as written confirmation that Cooper Industries withdraws its Notice of Motion to Enjoin Defendants from Pursuing Extra-Jurisdictional Litigation of Plaintiff's Claims, which was filed earlier this week and had a return date of December 19, 2014.

By copy of this letter, we are notifying all counsel of record that the motion has been withdrawn.

We thank Your Honor for his time and courtesies.

Respectfully submitted,

Catherine M. Aiello

cc: Michael D. Lichtenstein, Esq.
Michael H. Ginsberg, Esq., Jones Day (via email)
Dominic I. Rupprecht, Esq., Jones Day (via email)
All Counsel of Record (via email)